Michael C. Spencer (MS-8874)
Peter Safirstein (PS-6176)
Leigh Smith (LS-0370)
Gary S. Snitow (GS-3507)
MILBERG LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229

*Attorneys for Plaintiffs*

**09 CIV 8275**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

OSCAR REINALDO CARABAJAL, DORA LUISA
SASAL, MARTA AZUCENA VAZQUEZ, ROSA
DELFINA CASTRO, and GAMATOWN
CORPORATION S.A.,

       Plaintiffs,

   -against-

THE REPUBLIC OF ARGENTINA,

       Defendant.

------------------------------------------------------------x

09 CV____ (TPG)

**COMPLAINT**

Plaintiffs, by their attorneys, Milberg LLP, for their Complaint allege as follows:

### The Parties

1. Plaintiffs Oscar Reinaldo Carabajal, Dora Luisa Sasal, and Marta Azucena Vazquez (collectively "Carabajal") are citizens of defendant The Republic of Argentina (the "Republic"). Carabajal acquired a certain bond, ISIN No. US040114GF14, issued by the Republic pursuant to a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 Fiscal Agency Agreement"), in the principal amount of $23,000.

2. Plaintiffs Rosa Delfina Castro, Marta Azucena Vazquez, and Dora Luisa Sasal (collectively "Castro") are citizens of the Republic. Castro acquired certain bonds, ISIN Nos. US040114GF14, US040114AV28 and US040114GH79 issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amounts of $49,000, $53,000 and $106,000, respectively.

3. Plaintiff Gamatown Corporation S.A. ("Gamatown") is a corporation organized under the laws of Uruguay. Gamatown acquired a certain bond, ISIN No. US040114GG96, issued by the Republic pursuant to the 1994 Fiscal Agency Agreement, in the principal amount of $500,000.

4. Defendant the Republic is a foreign state as defined in 28 U.S.C. § 1603(a).

### Jurisdiction

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1330.

6. Venue is proper in this district by agreement of the parties and pursuant to 28 U.S.C. § 1391(f).

### COUNT ONE

7. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1-6 as if set forth here at length.

8. As set forth above, plaintiffs Carabajal, Castro, and Gamatown acquired certain bonds issued by the Republic to the 1994 Fiscal Agency Agreement (the "1994 Bonds") and continue to own those bonds.

9. Pursuant to Section 22 of the 1994 Fiscal Agency Agreement, the Republic (i) appointed Banco de la Nacion Argentina as its agent for service of process, (ii)

2

agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

10. The bonds with ISIN No.: US040114GF14 owned by Carabajal and Castro matured according to their original terms on December 19, 2008 and the Republic was contractually required to pay the entire principal amount of the bonds on that date.

11. Pursuant to Section 12 of the 1994 Fiscal Agency Agreement, the following, *inter alia*, are defined as "Events of Default:"

> (a) Non-Payment: the Republic fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or
>
> (d) Moratorium: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of the Republic shall be declared by the Republic.

12. Paragraph 12 of the 1994 Fiscal Agency Agreement further provides that following either of the foregoing Events of Default, a note holder, *e.g.*, plaintiffs Castro and Gamatown, may give the Republic written notice and declare "the principal amount of such Securities by it to be due and payable immediately," together with all accrued interest.

13. In or about December 2001, the Republic declared a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due under the 1994 Bonds.

14. By reason of the foregoing, there has been an Event of Default on the 1994 Bonds, and the Republic is in breach of its obligations under the 1994 Fiscal Agency Agreement.

15. In accordance with paragraph 12 of the 1994 Fiscal Agency Agreement, by letters dated September 9, 2009, plaintiffs Castro and Gamatown, as a result of the event of default, provided the Republic with written notice that they were declaring the principal and interest on the 1994 Bonds with ISIN Nos.: US040114AV28, US040114GH79 and US040114GG96 to be due and payable immediately.

16. In accordance with Paragraph 12 of the 1994 Fiscal Agency Agreement, by letter dated September 9, 2009, Carabajal and Castro provided the Principal Paying Agent with written notice that an Event of Default had occurred and requested payment of principal and interest due and payable on the bonds with ISIN No.: US040114GF14.

17. Notwithstanding, since December 2001, the Republic has failed to make any payment of principal or interest to plaintiffs Carabajal, Castro and Gamatown.

18. By reason of the foregoing, the Republic has breached its contractual obligations to plaintiffs Carabajal, Castro and Gamatown and is liable for damages in an amount to be determined at trial, plus interest.

WHEREFORE, plaintiff demands judgment as follows:

i. On Count One, awarding plaintiffs Carabajal, Castro and Gamatown damages against the Republic in an amount to be determined at trial, plus interest; and

ii. Awarding plaintiffs their costs, prejudgment interest, attorneys' fees and such other and additional relief as the Court deems just and proper.

Dated: New York, New York
September 29, 2009

MILBERG LLP

By: /s/ Michael C. Spencer
Michael C. Spencer
Peter Safirstein
Leigh Smith
Gary S. Snitow
Milberg LLP
One Pennsylvania Plaza
New York, NY 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229
mspencer@milberg.com
psafirstein@milberg.com
lsmith@milberg.com
gsnitow@milberg.com

*Attorneys for Plaintiffs*