```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
OSCAR REINALDO CARABAJAL, et al.,           :
                                            :
                            Plaintiffs,     :       09 Civ. 8275 (TPG)
                                            :
            -against-                       :
                                            :       OPINION
THE REPUBLIC OF ARGENTINA,                  :
                                            :
                            Defendant.      :
                                            :
------------------------------------------------------x
```

Plaintiffs are the beneficial owners of certain bond indebtedness issued by defendant, the Republic of Argentina ("Republic"), on which the Republic defaulted in December 2001. Plaintiffs are suing to recover amounts due to them as a result of the default and have moved for summary judgment. The Republic has no objection to the entry of summary judgment.

The motion is granted.

## FACTS

The bond indebtedness at issue is governed by a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"). The 1994 FAA is the same agreement that governed the bond indebtedness on which this court granted summary judgment to the plaintiffs in <u>Lightwater Corp. Ltd. v. Republic of Argentina</u>, No. 02 Civ. 3804, 2003 WL 1878420, at *1 (S.D.N.Y. Apr. 14, 2003). Section 22 of the 1994 FAA states that the Republic waives sovereign immunity and consents to jurisdiction in any state or federal court in the borough of Manhattan in the City of New York. The 1994 FAA also provides that the Republic's obligations on the bonds are unconditional and

1

that failure to make any payment of principal or interest for 30 days after the applicable payment date constitutes an event of default. A declaration by the Republic of a moratorium on the payment of principal or interest on its public external indebtedness is an event of default as well. Paragraph 12 of the 1994 FAA provides for acceleration of principal if there is a failure to pay interest or a moratorium. If either of these events occurs,

> each holder of Securities of such Series may by such notice in writing declare the principal amount of Securities of such Series held by it to be due and payable immediately . . . .

On December 24, 2001, the Republic declared a moratorium on payments of principal and interest on the external debt of the Republic. The court refers to its previous opinions for a description of the circumstances of these defaults. Lightwater, 2003 WL 1878420, at *2; Applestein v. Province of Buenos Aires, No. 02 Civ. 1773, 2003 WL 1990206, at *1 (S.D.N.Y. Apr. 29, 2003). On or about September 9, 2009, plaintiffs sent notices to the Fiscal Agent of the Republic of Argentina, providing notice of an event of default, demanding payment on certain bonds governed by the 1994 FAA, and declaring the principal amount of the other debt securities governed by the 1994 FAA to be immediately due and payable.

The bonds that are the subject of this action, and the amounts of beneficial interests owned by plaintiffs, are listed in the following tables.[1]

---

[1] The court notes the distinction between bonds and beneficial interests. In some previous opinions, the court has simply referred to the plaintiffs as owners of "bonds," when in fact plaintiffs are technically owners of "beneficial interests in bonds." The Republic actually issues "a bond" to a depository. The depository, in some form, issues "participations" to brokers, who sell "beneficial interests" to purchasers. These beneficial interests are identified by reference to the underlying bond (CUSIP or ISIN number or both; date of issuance and maturity; rate of interest) and the principal amount of the beneficial interest. This distinction is discussed more fully in Million Air Corp. v. Republic of Arg., No. 04 Civ. 1048, 2005 WL 2656126, at *1-2 (S.D.N.Y. Oct. 17, 2005).

{                                  2

**Table 1.**

| Plaintiff Bond Holder or Beneficial Owner: | OSCAR REINALDO CARABAJAL, DORA LUISA SASAL and MARTA AZUCENA VAZQUEZ |
|---|---|
| Face Value: | U.S. $ 23,000 |
| ISIN No.: | ISIN No. US040114GF14 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | December 19, 2008 |
| Interest Rate/Payable: | 7% / 15.5% |
| Date Of Purchase: | On February 28, 2002 |
| Demand for Payment: | September 9, 2009 |
| Contract Documents: | FAA dated as of October 19, 1994 |
| Evidence of Ownership Proffered: | Certificate from Caja de Valores dated as of February 5, 2010 |

**Table 2.**

| Plaintiff Bond Holder or Beneficial Owner: | ROSA DELFINA CASTRO, MARTA AZUCENA VAZQUEZ and DORA LUISA SASAL |
|---|---|
| Face Value: | U.S. $ 49,000 |
| ISIN No.: | ISIN No. US040114GF14 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | December 19, 2008 |
| Interest Rate/Payable: | 7% / 15.5% |
| Date Of Purchase: | Between February 28, 2002 and May 30, 2003 |
| Demand for Payment: | September 9, 2009 |
| Contract Documents: | FAA dated as of October 19, 1994 |
| Evidence of Ownership Proffered: | Certificate from Caja de Valores dated as of February 5, 2010 |

**Table 3.**

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | ROSA DELFINA CASTRO, MARTA AZUCENA VAZQUEZ and DORA LUISA SASAL |
| Face Value: | U.S. $ 53,000 |
| ISIN No.: | ISIN No. US040114AV28 |
| Date Of Issuance: | September 19, 1997 |
| Date Of Maturity: | September 19, 2027 |
| Interest Rate/Payable: | 9.750% |
| Date Of Purchase: | Between February 28, 2002 and May 30, 2003 |
| Acceleration: | September 9, 2009 |
| Contract Documents: | FAA dated as of October 19, 1994 |
| Evidence of Ownership Proffered: | Certificate from Caja de Valores dated as of February 5, 2010 |

**Table 4.**

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | ROSA DELFINA CASTRO, MARTA AZUCENA VAZQUEZ and DORA LUISA SASAL |
| Face Value: | U.S. $ 106,000 |
| ISIN No.: | ISIN No. US040114GH79 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | June 19, 2031 |
| Interest Rate/Payable: | 12% |
| Date Of Purchase: | Between February 28, 2002 and May 30, 2003 |
| Acceleration: | September 9, 2009 |
| Contract Documents: | FAA dated as of October 19, 1994 |
| Evidence of Ownership Proffered: | Certificate from Caja de Valores dated as of February 5, 2010 |

**Table 5.**

| | |
|---|---|
| Plaintiff Bond Holder or Beneficial Owner: | GAMATOWN CORPORATION S.A. |
| Face Value: | U.S. $ 500,000 |
| ISIN No.: | ISIN No. US040114GG96 |
| Date Of Issuance: | June 19, 2001 |
| Date Of Maturity: | June 19, 2018 |
| Interest Rate/Payable: | 12.250% |
| Date Of Purchase: | On February 12, 2009 |
| Acceleration: | September 9, 2009 |
| Contract Documents: | FAA dated as of October 19, 1994 |
| Evidence of Ownership Proffered: | Account statement from Clariden Leu dated as of February 17, 2010 |

{                                       5

## **DISCUSSION**

This court has already granted summary judgment in other cases to plaintiffs seeking to collect on the Republic's defaulted bonds issued under the 1994 FAA. See, e.g., Mazzini v. Republic of Arg., No. 03 Civ. 8120, 2005 WL 743090, at *1 (S.D.N.Y. Mar. 31, 2005). Only standing and proof of ownership need to be discussed in connection with the present motion.

In Fontana v. Republic of Argentina, 415 F.3d 238 (2d Cir. 2005), and Applestein v. Province of Buenos Aires, 415 F.3d 242 (2d Cir. 2005), the Second Circuit has held that an owner of a beneficial interest, such as plaintiffs here, must receive authorization from the registered holder of the bond before it may sue, but that such authorization may be granted subsequent to the filing of a lawsuit. Alternatively, the Republic may waive the authorization requirement.

The Republic has agreed to waive objections based on lack of authorization where the court makes a finding of current ownership. See Transcript, March 28, 2006, Cilli v. Republic of Arg. (04 Civ. 6594).

Here, plaintiffs have adequately demonstrated through their account statements that they owned their beneficial interests as of February 2010. There is no evidence of any change of ownership thereafter.

## **CONCLUSION**

The motion for summary judgment is granted. Judgment will be entered for the principal amount of the bonds issued under the 1994 FAA plus accrued interest.

Settle judgment.

SO ORDERED.

Dated:   New York, New York
         February 24, 2011

_____
THOMAS P. GRIESA
U.S.D.J.